**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**NAOMI SHOWS, and others similarly situated,** **PLAINTIFFS**

**v.** **Civ. No.** 3:26-cv-389-HTW-LGI

**MAXEM HEALTH URGENT CARE, LLC;**
**MAXEM HEALTH URGENT CARE MAGEE, LLC;**
**MAXEM HEALTH URGENT CARE FLOWOOD, LLC;**
**MAXEM HEALTH URGENT CARE MCCOMB, LLC;**
**MAXEM HEALTH URGENT CARE DIBERVILLE, LLC;**
**MAXEM HEALTH URGENT CARE JACKSON, LLC;**
**MAXEM HEALTH URGENT CARE MERIDIAN, LLC;**
**MAXEM HEALTH URGENT CARE STARKVILLE, LLC;**
**MAXEM HEALTH URGENT CARE RIDGELAND, LLC;**
**ORANGE GROVE URGENT CARE LLC;**
**OCEAN SPRINGS URGENT CARE LLC;**
**PASCAGOULA URGENT CARE LLC;**
**ABC LLC, d/b/a MAXEM HEALTH URGENT CARE.** **DEFENDANTS**

**(JURY TRIAL DEMANDED)**

---

# COMPLAINT

---

Maxem Health Urgent Care's scheme to avoid paying overtime is to split its employees' work among different shell corporations so that, despite working for what is in effect a single enterprise for more than 40 hours a week, the employees appear to be working fewer hours for different employers. This is unlawful under the FLSA. For these reasons, COMES NOW THE PLAINTIFF and alleges as follows:

## JURISDICTION, VENUE, & JURY DEMAND

1. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this claim arises under federal law, specifically the FLSA.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because this is the judicial district and division in which Maxem Health Urgent Care Flowood, LLC resides and all defendants are residents of Mississippi.
3. Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2) because this is the judicial district and division in which a substantial part of Shows' work occurred.
4. Plaintiff demands a trial by jury on all issues so triable.

<u>PARTIES & STATUTORY COVERAGE</u>

5. Naomi Shows is an adult resident and citizen of Mississippi. She is a former employee of the Defendants.
6. She brings this action on behalf of herself and the class of similarly situated employees, defined as all employees that were paid by the hour for work at more than one "Maxem Health Urgent Care" location in a workweek at any time in the last 3 years
7. Defendant Maxem Health Urgent Care, LLC is a Mississippi-based company. Its registered agent for service of process is Dr. Ronnie Ali which is located at 1514 Bienville Boulevard, Ocean Springs, MS 39564.
8. It has a gross annual dollar volume of sales or business of more than $500,000.
9. It is an employer subject to the Fair Labor Standards Act ("FLSA").
10. The other Defendants are also Mississippi-based companies with the same registered agent.
11. Even considering each separately, each has a gross annual dollar volume of sales or business of more than $500,000.
12. Each is an employer subject to the FLSA.

13. Defendant ABC LLC d/b/a "Maxem Health Urgent Care" is a pseudonymously named Defendant which represents all other corporate or LLC entities, wherever incorporated, which are part of the same enterprise.
14. Defendants collectively were a single enterprise under the FLSA.
15. Alternatively, Defendants were joint employers of Plaintiffs under the FLSA.
16. Defendants share common ownership.
17. Defendants have the same management.
18. Decisions about where and when to assign work to employees are made centrally by a single management team on behalf of each of the locations.
19. Decisions about compensation are made centrally by the single management team on behalf of each of the locations.
20. HR policies and employment rules are maintained by the single management team for each of the locations.
21. Employees frequently work at multiple corporate locations and split time between the different locations to meet the collective needs of the enterprise as a whole.

## FACTS

22. Maxem Health Urgent Care, LLC operates about 15 clinics all under the ownership of Dr. Ronnie Ali.
23. Naomi Shows was hired as a family nurse practitioner for Defendants in March 2020.
24. Shows worked at the clinic in Magee, as well as the clinics in Flowood, Ridgeland, McComb, and Pascagoula, among others.
25. Shows was classified as a W-2 employee.
26. Shows was paid by the hour, and not on a salary basis.

27. Shows was not subject to any exemption from the FLSA's overtime provisions.
28. When Shows worked more than 40 hours in a workweek at one specific location, she was paid overtime at the 150% rate.
29. However, Defendants limited the overtime payments made to Shows by treating her time at each location separately, and only paying overtime if it exceeded 40 hours in a workweek at a specific location.
30. She brought this up with management, informing them of the FLSA violation.
31. Management deliberately refused to count hours at multiple locations for calculating overtime.
32. Management was therefore aware of the illegality of their conduct and willfully continued.
33. For example, in the two-week pay period ending 2/8/2025, Shows worked 11.92 hours at Flowood, 66.64 at Magee, and 20.69 at McComb, for a cumulative total of 99.25 hours at the three locations together.
34. She therefore exceeded 40 hours per workweek.
35. She was not paid overtime for any of those hours.
36. This is a violation of the FLSA's overtime provisions.
37. In the two-week period ending 2/22/2025, Shows worked 90.36 hours at Magee and 20.97 hours at McComb, for a cumulative total of 111.33 hours at the two locations together.
38. However, she was only paid overtime for the hours over 40 in a workweek that occurred at Magee (15.47 hours), and not for any of the time in excess of 40 in a workweek that was cumulatively worked at McComb.

39. The same pattern occurs in the pay period ending 3/22/25, 5/03/2025, 5/17/2025, and other pay periods.
40. The same process was used to avoid paying overtime to all the other members of the collective of similarly situated persons.
41. For each member of the collective action, the central legal and factual issue is precisely the same: joint/single employer.
42. Thus, common issues predominate among the class.
43. The specific hours worked and rate of pay of the employees will be documented in Defendants records, and there is not expected to be any meaningful dispute on these facts.
44. The members of the collective are readily ascertainable from these records.
45. Plaintiff is a fair representative of the class, since the same issues that each member faced are the ones that she herself faced.
46. The undersigned counsel has experience in employment law including FLSA collective actions, and can adequately represent the group.
47. Since the Defendants employ hundreds of people, the numeracy requirement of the collective action is also met.
48. It is not feasible or a wise use of resources to adjudicate each of the overtime claims of the members of the class separately.

## CAUSES OF ACTION

### COUNT 1: Violation of FLSA

49. All other paragraphs of the Complaint are incorporated herein by reference.
50. Under the Fair Labor Standards Act (FLSA), nonexempt employees must be paid at least time-and-a-half for hours worked over 40 in a workweek.

51. Shows was a nonexempt employee of the Defendants

52. Shows was not paid for the overtime when she worked over 40 hours a week.

53. In so doing, Defendants unlawfully harmed Plaintiff.

## REMEDIES

54. Plaintiffs seek all remedies available on all counts, including but not limited to the following:

    a. A final judgment declaring that Defendants' treatment of Plaintiffs was unlawful;
    b. Back pay;
    c. Statutory liquidated damages if available;
    d. Nominal damages if no other damages are available;
    e. Pre- and post-judgment interest;
    f. Attorney fees;
    g. Costs;
    h. Any other relief available under any applicable principle of law or equity.

This the 1st day of June.

Respectfully submitted,

NAOMI SHOWS

By:*/s/ Joel F. Dillard*
Joel F. Dillard (MSB No. 104202)
Kevin Hanlon (MSB No. 106812)
Joel F. Dillard, P.A.
775 North Congress Street
Jackson, Mississippi 39202
(601) 509-1372, x2, x3
joel.f.dillard@gmail.com
kevin@joeldillard.com